IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH J. MAYHAN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-355-RGA |
| SUNOCO, INC., | : |
| Defendants. | : |

Deborah J. Mayhan, New Castle, Delaware. Pro Se Plaintiff.

Barry M. Klayman, Esquire, Cozen O'Connor, Wilmington, Delaware; Daniel V. Johns, Esquire, Cozen O'Connor, Philadelphia, Pennsylvania; and Abigail M. Green, Esquire, Cozen O'Connor, Pittsburgh, Pennsylvania. Counsel for Defendant.

**MEMORANDUM OPINION**

July 8, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Deborah J. Mayhan filed this employment discrimination action on March 6, 2018, against Sunoco, Inc.[1] (D.I. 2). She appears *pro se* and has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4). On April 23, 2019, an entry of default was entered against Defendant. (D.I. 25). Presently before the Court is Defendant's motion to set aside default and opposition to Plaintiff's motion for default judgment. (D.I. 31). Plaintiff opposes. (D.I. 37). The matter has been fully briefed.

## BACKGROUND

Plaintiff timely filed this employment discrimination action on March 6, 2018. (D.I. 2). The Complaint was screened and a service order entered on May 31, 2018. (D.I. 5). On June 15, 2018, the United States Marshal Service mailed the complaint, order and waiver of service documents to Defendant at 520 JFK Memorial Highway, Newark, Delaware 19702, the location where Plaintiff had been employed. (D.I. 13). When Defendant failed to timely return the waiver form, a service packet was forwarded to the USMS to attempt personal service upon Defendant. (D.I. 13 and Oct. 1, 2018 docket entry). The return of service states that the USMS personally served John (manager) of Sunoco at 520 JFK Memorial Highway, Newark, Delaware 19702 on October 5, 2018. (D.I. 18). When Defendant did not timely file an answer, Plaintiff moved for entry of default (D.I. 23), and it was entered by the Clerk on April 23, 2019 (D.I. 25). Next, Plaintiff requested default judgment and a hearing was scheduled for

---

[1] Defendant advises that it is incorrectly named and that Plaintiff's former employer is properly named as Sunoco, Inc. (R&M), a subsidiary of Sunoco, Inc. (*See* D.I. 32 at n.1).

1

August 19, 2019. (D.I. 26, 28). The Court ordered the Clerk of Court to mail notices of the hearing to three additional addresses located for Defendant. (D.I. 28). Defendant now moves to vacate the entry of default and opposes the request for default judgment. (D.I. 31).

## DISCUSSION

Defendant moves to set aside the entry of default on the basis that there exists good cause to do so. Having reviewed the instant motion and opposition thereto, the Court concludes that the factors enumerated in *United States v. $55.518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984), support setting aside the entry of default. The decision to vacate the entry of default is left to the discretion of the district court. *Id.* In making this determination, the Court considers: (1) whether Plaintiff will be prejudiced if the Court sets aside the default; (2) whether Defendant has a meritorious defense; and (3) whether the default was a result of Defendant's culpable conduct. *Id.* Defaults are generally disfavored, and therefore, in close cases, courts must construe doubts in favor of resolving the cases on the merits. *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987).

In the instant case, the Court concludes that the factors weigh in favor of vacating the entry of default. First, even assuming arguendo there was proper service of process, the Court cannot say that Plaintiff will be prejudiced by a delay in a responsive pleading. Indeed, when Plaintiff had taken no action, the Court entered three show cause orders why this case should not be dismissed for her failure to prosecute. (*See* D.I. 16, 19, 22). Thus, the first factor weighs against the entry of default.

2

Second, Defendants have apprised the Court of a meritorious defense (*e.g.*, Plaintiff was treated fairly at all times and provided with the requested accommodations) that would provide a complete defense if proved at trial. See $55,518.05 728 F.2d at 195.

Third, the Court cannot say that the default was the result of Defendant's culpable conduct. "In this context, culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Notably, when Defendant received notice of the hearing on default judgment, it investigated the matter and, upon learning of this action, took prompt action. The Court finds that under the circumstances there is insufficient evidence on the record to find willfulness or bad faith. Therefore, the Court concludes that entry of default is not warranted because Plaintiff has not established prejudice, Defendants has a meritorious defense, and there is insufficient evidence of culpable conduct by Defendant. The entry of default will be vacated.

Finally, the Court addresses the issue of service. Plaintiff complied with the Court's service order. Of note is that Plaintiff proceeds *pro se*, has been granted leave to proceed *in forma pauperis*, and relies upon the USMS to effectuate service. Defendant contends that it was not properly served because the assets of Plaintiff's former place of employment were sold to 7-Eleven, the transaction having taken place on January 23, 2018. From the filings it appears that the location continues to operate as a "Sunoco branded fuel outlet" which seems to indicate that Sunoco fuel is sold at

the location and, to the casual observer, the property is a Sunoco business.[2] (*See* D.I. 32-2 at 3).

The USMS first mailed the service packet to the location where Plaintiff had been employed, and Defendant did not return the waiver of service. The USMS then personally delivered the service packet to the location of Plaintiff's former employment, where it was accepted by a person who seems to have identified himself as the manager. (D.I. 18). Defendant indicates that, at the time of personal service, 7-Eleven employed a sales associate named Jonathan, but it was unable to locate a copy of the summons and complaint. (D.I. 32-3 at ¶ 5) The Court relies upon the USMS return of service. Defendant provided no explanation why service was accepted by "manager John" if he was not authorized to do so nor any explanation why the service documents were not kept other than to state that they could not be located.

Pursuant to Fed. R. Civ. P. 4(d), Defendant was required to waive service. It did not. Rule 4(d) affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon the defendant. *Id.* The USMS then sought to personally serve Defendant and, considering the foregoing, it appeared Defendant had been served. In light of the posture of this case, Plaintiff will be given another opportunity to personally serve Defendant.

Finally, if the address where "manager John" accepted the service packet is not the correct address for service of Defendant, then Defendant shall advise the Court of

---

[2] The Court notes that an image of the location captured by Google maps in June 2018 continued to bear the Sunoco sign. See https://www.google.com/maps/place/520+Jfk +Memorial+Hwy,+Newark,+DE+19702/@39.6646845,-75.6886733,3a,75y,119.91h,85. 05t/data=!3m6!1e1!3m4!1sBd1Hv-6ZR9VirlwIt8R1YQ!2e0!7i13312!8i6656!4m5!3m4!1s 0x89c707355a279469:0x1727e2689596e4df!8m2!3d39.6641122!4d-75.6887246 (last visited July 1, 2019).

4

the correct address to effect service. In the alternative, given that it now has notice of this action, Defendant may opt to waive service by notifying the Court in writing.

## CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to vacate default (D.I. 31); (2) vacate the April 23, 2019 entry of default (D.I. 25); (3) deny Plaintiff's request for default judgment (D.I. 26); (4) cancel the August 19, 2019 hearing on default judgment (D.I. 28); and (5) order Defendant to advise the Court if it will waive service or, if service is required, to provide the correct address so that the USMS may effect service.

An appropriate order will be entered.