IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEBORAH J. MAYHAN, :
:
    Plaintiff, :
:
v. : Civil Action No. 18-355-RGA
:
SUNOCO, INC., :
:
    Defendant. :

Deborah J. Mayhan, New Castle, Delaware. Pro Se Plaintiff.

Barry M. Klayman, Abigail M. Green, and Daniel V. Johns, Cozen & O'Connor. Counsel for Defendant.

**MEMORANDUM OPINION**

January 16, 2020
Wilmington, Delaware

ANDREWS, U.S. District Judge

Plaintiff Deborah J. Mayhan, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this employment discrimination action on March 6, 2018, against Sunoco, Inc. (D.I. 2). Presently before the Court is Defendant's motion to compel arbitration and stay the proceedings and Plaintiff's opposition. (D.I. 42). The matter has been fully briefed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began her employment with Sunoco in early January 2014 as a customer service representative. (D.I. 43-1 at 2). Plaintiff was employed by Sunoco, Inc. (R&M), a subsidiary of Sunoco, Inc. One of Sunoco, Inc. (R&M)'s divisions was Mascot Petroleum Company. (*Id.* at 2-3). Plaintiff's employment was terminated on or around May 1, 2016. (*Id*). Plaintiff alleges that Sunoco did not pay her the wages that it had allegedly agreed to pay, she was denied the right to use her breathing machine, and her employment was terminated for no reason. (D.I. 2 at 4). Plaintiff's EEOC charge of discrimination alleges discrimination by reason of race and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (D.I. 17).

At the beginning of Plaintiff's employment with Sunoco, on January 13, 2014, she signed an agreement (D.I. 43-3) to participate in the Mascot Petroleum Company Dispute Resolution Program ("DRP"). (D.I. 43-2 at 2-19). The DRP establishes a mandatory arbitration process for claims made by current and former employees arising out of their employment or termination of employment. (D.I. 43-3). The DRP "is designed to provide rules and procedures for the quick, fair, accessible and inexpensive

1

resolution of issues between the Company and the Company's present and eligible former employees," and it explains what arbitration is and how an employee initiates and participates in arbitration. (D.I. 43-2 at 11, 12-13). The DRP states that it "is intended to create an exclusive procedural mechanism for the final resolution of all claims falling within its terms," and "is not intended either to abridge or enlarge substantive rights available under applicable law." (*Id.* at 11).

Section III of the DRP states that an employee's agreement to arbitrate claims arising out of her employment is an express condition of employment as follows: "Mascot Petroleum Company's DRP is a condition of employment and by accepting employment with Mascot you are knowingly and voluntarily agreeing to its terms, including the requirement that you arbitrate any claims against the Company." (D.I. 43-3). The agreement provides that "all claims relating to your application or candidacy for employment, your employment, or the termination of your employment from the Company shall be submitted to final and binding arbitration in accordance with the Mascot Dispute Resolution Program (DRP) Rules and Procedures." (*Id.*).

> [The DRP] covers all issues or controversies arising out of your employment or termination" including "[m]atters relating to discrimination, harassment and unlawful forms of retaliation, intentional infliction of emotional distress," and "claims arising under federal, state or local statutory or common law" including but not limited to "Title VII," "the Americans with Disabilities Act" and "any and all claims under . . . state and local laws against discrimination.

(D.I. 43-2 at 4, 11). Similarly, the page Plaintiff signed provides that "[a]ll claims arising under federal, state, or local statutory or common law shall be subject to arbitration including . . . claims arising under Title VII," the ADA, and "state and local laws against discrimination." (D.I. 43-3).

2

The DRP provides that "[a]ny legal issue not resolved through [the administrative processes preceding arbitration] must be submitted to final and binding arbitration rather than through the courts or to a jury." (D.I 43-2 at 9). The page that Plaintiff signed states:

> I understand that I may file administrative charges with the Equal Employment Opportunity Commission, and similar state or local agencies, but that upon receipt of right-to-sue letter or my having otherwise exhausted administrative remedies under the law, I shall arbitrate any claim that I may have against Mascot Petroleum Company in accordance with DRP Rules and Procedures rather than proceed through the courts or to a jury.

(D.I. 43-3).

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. A district court may only issue an order compelling arbitration when that court has "diversity jurisdiction or some other independent basis for federal jurisdiction . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983). The FAA mandates that district courts shall direct parties to proceed to arbitration on issues for which arbitration has been agreed, and to stay proceedings while the arbitration is pending. *See* 9 U.S.C. §§ 3, 4; *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 179–80 (3d Cir. 1999).

The FAA limits the role of courts to determine: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the specific dispute falls within the scope of the agreement. *John Hancock Mutual Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998). In conducting this review, the court should apply the ordinary principles

of contract law. *See* 9 U.S.C. § 2; *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

In determining whether the particular dispute falls within a valid arbitration agreement's scope, 'there is a presumption of arbitrability[.]'" *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 524 (3d Cir. 2009) (quoting *AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986)). This presumption applies whenever a contract has an arbitration clause and is "particularly applicable where the clause is [ ] broad." *AT & T Techs., Inc.*, 475 U.S. at 650. "'Any doubts as to the scope of arbitrable issues should be resolved in favor of arbitration . . . .'" *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 155 (3d Cir. 2000). When the presumption applies, "a court may not deny a motion to compel arbitration 'unless it may be said with positive assurance that the . . . arbitration clause is not susceptible of an interpretation that covers the dispute.'" *Cup v. Ampco Pittsburgh Corp.*, 903 F.3d 58, 64-65 (3d Cir. 2018) (quoting *AT & T Techs., Inc.*, 475 U.S. at 650). "If . . . the court determines that an agreement exists and that the dispute falls within the scope of the agreement, it then must refer the matter to arbitration without considering the merits of the dispute." *PaineWebber inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) (overruled on other grounds).

**DISCUSSION**

Defendant moves to compel arbitration under the FAA and to stay the proceedings. It states that all of Plaintiff's claims are subject to exclusive, final and binding arbitration pursuant to the DRP, and it contends that Plaintiff improperly commenced her action in this Court. (D.I. 43). Plaintiff responds that she has provided

all material to the Court regarding the statement of facts, wages, termination, and damages. (D.I. 44).

Plaintiff does not dispute that she signed the arbitration agreement. Nor does she dispute that she agreed to arbitrate all employment disputes with her employer when she signed the agreement in Section III of the DRP and acknowledged receipt of the DRP Handbook and that it was her responsibility to read the handbook. The arbitration clause clearly provides that as a condition of employment, Plaintiff must submit employment-related disputes, including statutory, contractual, or common law claims, to binding arbitration and that upon receipt of a right to sue letter from the EEOC, Plaintiff shall submit to arbitration. Courts have enforced arbitration agreements presented as a condition of employment before employment begins. *See, e.g., Murphy v. Glencore Ltd.*, 2019 WL 549139, at *6 (D. Conn. Feb. 11, 2019); *McCoy v. Dave & Buster's, Inc.*, 2018 WL 550637, at *5 (E.D.N.Y. Jan. 24, 2018). In addition, public policy favors the enforcement of arbitration clauses if the parties validly entered into the agreement and the specific dispute falls within the scope of the clause. *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 586 (D. Del. 2004).

Plaintiff makes no argument that the arbitration agreement is invalid. She only states that she has provided all documents to the Court. The agreement signed by Plaintiff is valid and enforceable, and her claims fall within the scope of the arbitration agreement. Therefore, her employment discrimination claims must be resolved by arbitration.

**CONCLUSION**

For the above reasons, the Court will grant Defendant's motion to compel arbitration and stay the case.

An appropriate Order will be entered.