IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBORAH J. MAYHAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-355-RGA |
| | : | |
| SUNOCO, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

1.  **Introduction**.  Plaintiff Deborah J. Mayhan, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this employment discrimination action on March 6, 2018, against Defendant Sunoco, Inc.  (D.I. 2).  On January 16, 2020, the Court granted Defendant's motion to compel arbitration and stayed the proceedings pending results of arbitration.  (*See* D.I. 46, 47).

2.  **Show Cause Order**.  On July 27, 2020, the Court entered an order for Plaintiff to show cause, on or before August 14, 2020, why the action should not be dismissed and closed for her failure to prosecute this case for failing to file an action for arbitration and noted that she appeared to have abandoned her claims.  (*See* D.I. 52). In early August 2020, Plaintiff advised the Court that "due to serious medical issues" she had been hospitalized twice, and she had not abandoned her case.  (D.I. 53, 55). She provided a copy of an August 1, 2020 letter to the Arbitration Administrator asking for "external arbitration" due to hospitalization.  (D.I. 55 at 2).  Given Plaintiff's *pro se* status and health issues, the Court affords her latitude and finds she has shown cause why the case should not be dismissed for failure to prosecute.

1

3.      **Motion for Judgment on the Pleadings**.  On August 11, 2020, Plaintiff filed a document which I interpret as a motion for judgment on the pleadings.  (D.I. 54).  The motion contains no argument and cites no law to support it.  It states a list of what I take to be the harms done to her, including "falsely accused, suspension and hardship, failure to accommodate, physical disability, discrimination, lost wages."  (*Id.* at 1) (numbering removed).

4.      The motion will be dismissed as procedurally defective.  Under Rule 12(c), a motion for judgment on the pleadings may only be filed "[a]fter the pleadings are closed."  Fed. R. Civ. P. 12(c); *see also Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320-21 (3d Cir. 2015); *Mele v. Federal. Reserve Bank of N.Y.*, 359 F.3d 251, 253 n.1 (3d Cir. 2004).  This means that "[a] Rule 12(c) motion is appropriate after the defendant[] has answered the complaint."  *The Knit With v. Knitting Fever, Inc.*, 2009 WL 3427054, at *2 (E. D. Pa. Oct. 20, 2009), *aff'd*, 625 F. App'x 27 (3d Cir. 2015); *see also Crow Creek Sioux Tribe v. Donovan*, 2009 WL 4730696, at *3 (D.S.Dak. Dec. 9, 2009); *Sphere Drake, P.L.C. v. 101 Variety, Inc.*, 35 F. Supp. 2d 421,426 n.5 (E.D. Pa. 1999).  Defendant has not filed an answer, and the pleadings have not been closed.  The motion is procedurally defective and will be dismissed.

5.      **Enforce Order to Compel Arbitration**.  Defendant asks the Court to enforce the order compelling arbitration in the event it declined to dismiss the case.  (See D.I. 56 at 3).  Plaintiff will be ordered to show cause why the Court should not enforce its Order (D.I. 47) compelling arbitration.  Defendant will be given an opportunity to respond to Plaintiff's position.

6. **Conclusion**.  Based upon the above discussion, the Court will: (1) find Plaintiff has shown cause why the case should not be dismissed for failure to prosecute; (2) dismiss as procedurally defective the motion for judgment on the pleadings (D.I.54); and (3) order Plaintiff to show cause why the Court should not enforce its Order compelling arbitration.

A separate order shall issue.

      /s/ Richard G. Andrews  
      UNITED STATES DISTRICT JUDGE

February 12, 2021  
Wilmington, Delaware