IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBORAH J. MAYHAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 18-355-RGA |
| | : | |
| SUNOCO, INC., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of March, 2021;

1. **Introduction.** Plaintiff Deborah J. Mayhan, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this employment discrimination action on March 6, 2018, against Defendant Sunoco, Inc. (D.I. 2). On January 16, 2020, I granted Defendant's motion to compel arbitration and stayed the proceedings pending results of arbitration. (*See* D.I. 46, 47).

2. **Background.** During the course of this litigation, I have entered four show cause orders why the case should not be dismissed for Plaintiff's failure to take action. (*See* D.I. 16, 19, 22, 52). In each instance, Plaintiff provided reasons for her failure to act. However, despite the January 16, 2020 order granting the motion to compel arbitration, to date, Plaintiff has not initiated arbitration. As a result, on February 12, 2021, I entered an order for Plaintiff to show cause on or before March 12, 2021 why the Court should not enforce its January 16, 2020 Order (D.I. 47) compelling arbitration. (D.I. 58). The Order provided a date for Defendant to file a responsive

1

brief. The Order placed Plaintiff on notice that her failure to respond to the Show Cause Order would be considered a failure to prosecute and would result in dismissal of the case. When Plaintiff failed to comply with the February 21, 2021 Order, Defendant advised the Court that it would not be filing a responsive brief and asked for dismissal of the case for Plaintiff's failure to prosecute. (D.I. 59).

3. **Discussion**. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

4. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

5. Several factors support the sanction of dismissal including Plaintiff's dilatory history, her failure to initiate arbitration as ordered by the Court, her failure to

comply with the Court's February 12, 2021, her failure to prosecute the case, and her apparent abandonment of the case. She is personally responsible for all of these actions as she represents herself. There is no reason to believe that any lesser sanction would be effective in causing her to go forward with the arbitration.

    THEREFORE, it is ordered that:

    1.    The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

    2.    The Clerk of Court is directed to **CLOSE** the case.

                                            <u>/s/ Richard G. Andrews</u>
                                            UNITED STATES DISTRICT JUDGE